PR/USAO#2018R00138

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED

2019 NOV -4  PM 4: 47

CLERK'S OFFICE

UNITED STATES OF AMERICA

v.

LISA FORE,

Defendant.

:
:
:
:
:
:
:
:
:
:
:

CRIMINAL NO. _ELH-19-0519_

BY_____DEPUTY

(Mail Fraud, 18 U.S.C. § 1341;
Aggravated Identity Theft, 18 U.S.C.
§ 1028A; Aiding & Abetting, 18 U.S.C.
§ 2; Forfeiture Notice, 18 U.S.C. § 981;
21 U.S.C. § 853)

...oOo...

### INFORMATION

### COUNTS ONE THROUGH FOUR
### (Mail Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction:  Relevant Persons and Entities

At all times relevant to the Information, unless otherwise stated:

1.      Defendant **LISA FORE** was a resident of Hampstead, Maryland.

2.      For approximately 17 years ending on July 2018, Victim J.C. employed

Defendant **FORE** as a bookkeeper/assistant for him, Victim C.C., and certain businesses,

including The Cirelli Company, The Cirelli Family Limited Partnership, Triple C Development

LP, 7111 Chamberlain Road LLC, St. Michaels Development Corporation, and 258 Providence

Road, LLC (the "Cirelli Entities").

3.      In her capacity as a bookkeeper/assistant, **FORE** would, among other things,

manage the payment of bills and invoices and prepare checks for handwritten signature by

Victim J.C., Victim C.C. or other authorized signatories on accounts associated with Cirelli

Entities, Victim J.C., and Victim C.C. (the "Victim Accounts"), including a Capital One Bank

Account with account number ending in 1312 (the "Capital One Account").  She would then

place those signed checks in an authorized depository for mail.

1

Account with account number ending in 1312 (the "Capital One Account"). She would then place those signed checks in an authorized depository for mail.

4.  **FORE** was not an authorized signatory on any of the Victim Accounts.

## The Scheme and Artifice to Defraud

5.  From in or about September 2006 and continuing thereafter until in or about July 2018, in the District of Maryland and elsewhere, the defendant,

### LISA FORE,

did, knowingly, willfully devise and intend to devise a scheme to defraud Victim J.C., Victim C.C., and the Cirelli Entities and to obtain money and property by means of a materially false and fraudulent pretenses, representations and promises, as set forth more specifically below.

## Object of the Scheme and Artifice to Defraud

6.  It was the object of the scheme and artifice to defraud that **FORE** used the identity of authorized signatories on the Victim Accounts to deceive Victim J.C., Victim C.C., and others, by issuing checks drawn from the Victim Accounts or otherwise embezzling money funds from the Victim Accounts for her own personal use and benefit, and for the personal use and benefit of her associates by placing those checks in an authorized depository for mail, to be sent and delivered by the Postal Service.

## Manner and Means of the Scheme and Artifice to Defraud

7.  It was part of the scheme to defraud that **FORE** repeatedly forged the signatures of authorized signatories of the Victim Accounts, to wit, Victim J.C., on checks drawn from the Victim Accounts.

8.  It was part of the scheme to defraud that **FORE** made those checks drawn from the Victim Accounts out to various entities, including various financial institutions, the Commissioner of Carroll County, the United States Department of Treasury, Baltimore Gas and Electric Company, among other entities, for her own personal use and benefit, and for the

2

personal use and benefit of her associates.  The checks were cashed at various financial institutions.

9.       It was part of the scheme to defraud that **FORE** placed checks drawn from the Victim Accounts for her own personal use and benefit, and for the personal use and benefit of her associates, in an authorized depository for mail, to be sent and delivered by the Postal Service.

10.      It was part of the scheme to defraud that **FORE** made cash transfers from the Victim Accounts to various entities, including financial institutions, for her own personal use and benefit, and for the personal use and benefit of her associates.

11.      It was part of the scheme to defraud that **FORE** deceived Victim J.C., Victim C.C. and others concerning the purpose of those checks and cash transfers from the Victim Accounts that were for her own personal use and benefit, and for the personal use and benefit of her associates.

12.      It was part of the scheme to defraud that **FORE** used the personal identifying information of Victim J.C. and Victim C.C., to wit their names, in furtherance of her fraud.

13.      It was part of the scheme to defraud that **FORE** obtained, through the false and fraudulent means described above, approximately $1,000,000 from the Victim Accounts, resulting in a corresponding loss to Victim J.C., Victim C.C., and certain of the Cirelli Entities.

### The Charge

14.      On or about the dates listed below, in the District of Maryland, the defendant

### LISA FORE,

for the purpose of executing the scheme and artifice to defraud Victim J.C., Victim C.C., and the Cirelli Entities, and to embezzle money belonging to Victim J.C., Victim C.C., and the Cirelli Entities by means of materially false and fraudulent pretenses, placed in an authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, namely:

| COUNT | DATE | DESCRIPTION |
|:---:|:---|:---|
| 1 | September 2017 | A check, dated September 5, 2017, drawn on the Capital One Account made payable to Merrick Bank for $1,926.78 (#3224). |
| 2 | October 2017 | A check, dated October 23, 2017, drawn on the Capital One Account and made payable to Merrick Bank for $1,589.65 (#3259). |
| 3 | April 2018 | A check, dated April 15, 2018, drawn on the Capital One Account for and made payable to Merrick Bank for $2,478.68 (#3323). |
| 4 | June 2018 | A check, dated June 18, 2018, drawn on the Capital One Account and made payable to Merrick Bank for $2,179.58 (#3346). |

18 U.S.C. § 1341
18 U.S.C. § 2

## COUNT FIVE
### (Aggravated Identity Theft)

The United States Attorney for the District of Maryland further charges that:

1.     Paragraphs 1 through 4 and 7 through 13 of Counts One through Four of the Information are incorporated by reference here.

2.     Beginning on or about September 2017 and continuing thereafter until on or about June 2018, in the District of Maryland and elsewhere, the defendant,

### LISA FORE,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit:  the defendant used the means of identification of Victim J.C. during and in relation to mail fraud under 18 U.S.C. § 1341, as set forth in Counts One through Four of the Information.

18 U.S.C. §§ 1028A(a)(1), (c)(5)
18 U.S.C. § 2

**FORFEITURE**

The United States Attorney for the District of Maryland further charges that:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1341, as set forth in Counts One through Four of this Information, the defendant,

**LISA FORE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 98l(a)(l)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a sum of money equal to the value of the proceeds of the scheme to defraud as described in Counts One through Four.

**SUBSTITUTE ASSETS**

If, as a result of any act or omission of the defendant, any such property subject to forfeiture,

a) cannot be located upon the exercise of diligence;

b) has been transferred, or sold to, or deposited with a third person;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. § 981
21 U.S.C. § 853

Date:  11-4-19

Robert K Hur /crm/
ROBERT K. HUR
United States Attorney